Anthony C. LOTZE, Plaintiff–Appellant,

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 04–17243.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 20, 2006.

Filed Dec. 20, 2006.

John Vincent Johnson, Chico, CA, for Plaintiff–Appellant.

Geralyn A. Gulseth, Esq., SSA—Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: BEEZER, O'SCANNLAIN, and TROTT, Circuit Judges.

## MEMORANDUM **

Anthony C. Lotze appeals the magistrate judge's decision affirming the Commissioner of Social Security's denial of Mr. Lotze's now-deceased wife's application for disability insurance benefits and supplemental security income under Title II, 42 U.S.C. § 401 et seq., and Title XVI, 42 U.S.C. § 1382 et seq.[1]

### I

■ Mr. Lotze contends that the ALJ erroneously determined that Mrs. Lotze's severe impairment of bipolar disorder did not meet or medically equal an impairment listed in Appendix 1. See 20 C.F.R. pt. 404, subpt. P, app. 1, 12.04 & 12.06. The appellant argues that the evidence supports the opposite conclusion. Substantial evidence in the record supports the ALJ's conclusion. See Lewis v. Apfel, 236 F.3d 503, 515 (9th Cir.2001) (substantial evidence supported finding of no listed impairment in

part because evidence did not consistently favor finding of disability).

### II

■ Mr. Lotze next argues that substantial evidence does not support the ALJ's determination that Mrs. Lotze's subjective complaints were not credible. In assessing Mrs. Lotze's subjective complaints, the ALJ properly considered the credibility factors set forth in SSR 96–7p, available at 1996 WL 374186. The ALJ's specific findings of non-credibility were supported by clear and convincing reasons and substantial evidence in the record. See Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir.1996).

### III

■ Mr. Lotze contends that the ALJ improperly resolved conflicting medical evidence by rejecting the opinion of Mrs. Lotze's psychiatrist and counselor. The ALJ resolved the conflict in medical evidence between the evaluations of Mrs. Lotze's treating and non-treating physicians by discounting the evaluation of her treating physician. The ALJ made this determination for specific, legitimate reasons supported by substantial evidence in the record. See Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir.2006); Reddick v. Chater, 157 F.3d 715, 726 (9th Cir.1998) (circumstances under which medical report is obtained and consistency with other medical evidence may provide legitimate basis to find report unreliable). The ALJ properly considered the circumstances surrounding the counselor's in-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. The parties are familiar with the facts and procedural history, and we do not restate them.

volvement in Mrs. Lotze's treatment before discounting the counselor's opinion. *See* SSR 06–03p, *available at* 2006 WL 2329939. Substantial evidence supports the ALJ's resolution of conflicting medical evidence.

## IV

Mr. Lotze asserts that substantial evidence does not support the ALJ's findings that Mrs. Lotze performed past work at substantial gainful activity levels and that Mrs. Lotze had the residual functional capacity to perform unskilled work including her past relevant work.

■ The ALJ determined that Mrs. Lotze's past relevant work as a "clerk/cashier" from March 1999 to December 1999 was substantial gainful activity. Her total earnings from that employment were $3,877.26, which resulted in monthly earnings below presumptively gainful levels. 20 C.F.R. § 404.1574(b)(2)(B), Table 1. The parties agree, however, that the ALJ mistakenly identified March 1999 as Mrs. Lotze's start date. We see no reason to remand this case to correct such a typographical error. Substantial evidence in the record supports the finding that Mrs. Lotze began the employment in June 1999, which would result in average monthly earnings above gainful levels. Her cashier position was substantial gainful activity.

■ Mr. Lotze also argues that the ALJ should have found that Mrs. Lotze's residual functional capacity was limited to working in an environment "with little peer or public contact." Substantial evidence in the record as a whole supports the ALJ's determination that Mrs. Lotze retained the mental capacity to perform

unskilled work at any exertional level. The ALJ properly concluded that Mrs. Lotze could perform her past relevant work as a cashier, which was defined as light unskilled work. The ALJ properly determined that Mrs. Lotze was not disabled.[2]

**AFFIRMED.**

under the Medical–Vocational Guidelines.

---

**2.** We need not reach the ALJ's alternative conclusion that Mrs. Lotze was not disabled